UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TURTLE & HUGHES, INC.                          :
                                               :          Case No.
                         Plaintiff,            :
                                               :
            -against-                          :          **COMPLAINT**
                                               :
CLEARVIEW CABLE LLC d/b/a CLEARVIEW            :
SOLAR and SHANE RICHARDSON,                    :
                                               :
                         Defendants.           :
-------------------------------------------------------------------X

Plaintiff Turtle & Hughes, Inc., by and through its undersigned counsel, states as and for its claims against Defendants Clearview Cable LLC d/b/a Clearview Solar and Shane Richardson, respectfully alleges as follows:

## THE PARTIES

1.      Turtle & Hughes, Inc. ("Turtle") is a corporation organized and existing under the laws of the State of New Jersey, maintaining a principal place of business at 1900 Lower Road, Linden, New Jersey 07036.  Turtle is in the business of, among other things, the sale of electrical equipment and related supplies and materials.

2.      Upon information and belief, Clearview Cable LLC d/b/a Clearview Solar ("Clearview") is a limited liability company organized and existing under the laws of the State of Louisiana, maintaining its principal place of business at 4750 Sherman Common Boulevard, Suite 100, Baton Rouge, Louisiana 70816.

3. Upon information and belief, Shane Richardson ("Richardson") is an individual residing at 15023 West Lake Front Drive, Gonzales, Louisiana 70737, is a citizen of the State of Louisiana, and at all relevant times mentioned herein was a member, owner and the CEO of Clearview.

## JURISDICTION AND VENUE

4. Upon information and belief, none of the members of Clearview are citizens of the State of New Jersey.

5. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a) because (i) there is complete diversity of citizenship between the parties and (ii) the amount in controversy excessed $75,000.00.

6. This Court has personal jurisdiction over Defendants because Defendants have consented to the exclusive jurisdiction of this Court.

7. Venue is proper in this District because Defendants have consented to the exclusive jurisdiction of this Court.

## NATURE OF ACTION

8. As more fully described below, this action arises from: a) the failure and refusal of Clearview to pay the amounts due to Turtle under a certain Installment Promissory Note dated September 29, 2022; and b) the failure and refusal of Richardson to pay the amounts due to Turtle pursuant to a Personal Guaranty of payment of the amounts due from Clearview to Turtle under such Installment Promissory Note.

## BACKGROUND

### Turtle Sells Electrical Supplies and Materials to Clearview

9. In or about September 2021, Clearview, a solar installation subcontractor, requested that Turtle furnish solar and electrical supplies and materials to Clearview on credit for various construction projects on which Clearview was furnishing labor and materials.

10. Pursuant to Turtle's terms and conditions of sale, to which Clearview agreed, Clearview was required to pay Turtle within thirty days of the date of Turtle's invoices for the sale and delivery of materials to Clearview.

11. Turtle furnished electrical supplies and materials to Clearview on credit on various projects within and without New York State.

12. For projects within New York State, Turtle furnished electrical supplies and materials (the "Turtle Materials") to Clearview on credit through approximately June, 2022, when it became seriously delinquent in the payment of the amounts due and owing to Turtle for the Turtle Materials.

### The Settlement

13. When the principal amount owed to Turtle by Clearview for the Turtle Materials reached in excess of $700,000.00, on or about September 29, 2022, Turtle negotiated a payment agreement (the "Settlement") with Clearview and its lender, FK Construction Funding, LLC ("FK"), guaranteed by Richardson, pursuant to which, among other things, on or before September 30, 2022, FK agreed to pay Turtle $246,947.00 and Clearview agreed to pay $50,000.00.

14. Pursuant to the Settlement, among other things, Clearview agreed to sign an installment promissory note for $448,108.52 and Richardson agreed to sign a personal guaranty of all sums due and owing under such note and all other sums owed by Clearview to Turtle. A copy of the Settlement is attached hereto as Exhibit "A."

**The Installment Promissory Note**

15. At the time the Settlement was signed, Clearview signed an Installment Promissory Note dated September 29, 2022 (the "Note") in the principal amount of $448,108.52 (the "Principal Amount"). A copy of the Note is attached hereto as Exhibit "B."

16. Pursuant to the Note, Clearview agreed to pay to Turtle the Principal Amount, plus interest thereon at the rate of six per cent (6.0%) per annum, in equal monthly installments in the amount of $76,326.76 each, due on the 20th day of each month beginning on October 20, 2022 and ending on March 20, 2023 (the "Note Payments").

17. The Note also provides that in the event of a default thereunder, including a payment default, Turtle shall notify Clearview and Richardson in writing by email of the default (a "Default Notice"), and Clearview shall have ten days from the date of such Default Notice to cure the default (the "Cure Period").

18. The Note further provides that if Clearview fails to cure any such default within the Cure Period, then "at the option of [Turtle], and without any further notice, the entire Principal Indebtedness shall be accelerated and deemed immediately due and

payable, together with interest on the Principal Indebtedness at the rate of 18% per annum accrued and accruing from August 20, 2022."

19. The Note also provides that upon default, Clearview shall be liable for all costs, fees and expenses, including but not limited to attorneys' fees, incurred by Turtle in collecting the amounts required to be paid to Turtle pursuant to the Note.

**Richardson Signs A Personal Guaranty**

20. Pursuant to the Settlement, and in order to induce Turtle to accept the restructuring of the payment of the monies owed pursuant to the terms of the Note, simultaneously with the signing of the Note, Richardson signed that certain Personal Guaranty on September 29, 2022 (the "Guaranty"), a copy of which is included in Exhibit "B" hereto.

21. Pursuant to the Guaranty, among other things, Richardson "unconditionally and irrevocably guarantee[d] as primary obligor and not merely as surety, payment of all amounts due and owing in connection with the Note, including but not limited to the principal amount of the Note, interest, attorneys' fees, costs and expenses incurred by Turtle in enforcing the Note."

22. In addition, pursuant to the Guaranty, among other things, Richardson "waive[d] all defenses available to [Clearview] (other than the defense of payment) and, to the extent permitted by applicable law, all notice required by statute, rule or otherwise to preserve any [of Turtle's] rights against [Richardson]. . . "

**Clearview Defaults Under the Note**

23.     Clearview failed to pay to Turtle the installment payment due under the Note on December 20, 2022 in the amount of $76,326.76.

24.     On December 21, 2022, Turtle sent a Default Notice to Clearview and Richardson, pursuant to the terms of the Note, and a copy of such notice was sent to FK as required under the Settlement.

25.     In response to the Default Notice, Clearview refused to cure the default by paying the amounts past due and owing to Turtle under the Promissory Note.

26.     Instead, on December 21, 2022, the day the default notice was sent, a representative of Clearview advised Turtle that Clearview was "currently going through a change in management and investors at Clearview and priorities have changed," so that the payments due under the Note would not be made as required, as Clearview allegedly "currently cannot fullfill [sic] the previous agreement made between Clearview and Shane Richardson" and Turtle.

27.     The Cure Period passed without any payment being made and neither Clearview nor Richardson made the payment which was due to Turtle on December 20, 2022 under the Note.

**The Amounts Due and Owing by Clearview and Richardson**

28.     As of the date hereof, Clearview owes to Turtle the principal sum of $301,720.16 under the Note, together with interest accrued and accruing thereon at the rate of 18% per annum from August 20, 2022 until the entry of judgment herein (collectively, the "Note Indebtedness").

29.     Turtle has retained an attorney to assist it in recovering all amounts due and owing under the Note and the Guaranty, and in connection therewith, it has incurred and will continue to incur attorneys' fees, costs and expenses in pursuing recovery of the amounts owed thereunder.

### FIRST CLAIM FOR RELIEF AGAINST CLEARVIEW

30.     Turtle repeats and realleges the allegations contained in paragraphs 1 through 28 above as if fully set forth herein at length.

31.     By reason of the foregoing, as a result of Clearview's failure to pay the amounts due and owing to Turtle pursuant to the Note, Turtle is entitled to a judgment against Clearview in the principal sum of $301,720.16, with interest accrued and accruing thereon at the rate of 18% per annum from August 20, 2022, together with such other relief as the Court may deem just and proper.

### SECOND CLAIM FOR RELIEF AGAINST RICHARDSON

32.     Turtle repeats and realleges the allegations contained in paragraph 1 through 30 above as if fully set forth herein at length,

33.     Richardson has failed to pay the amounts due and owing to Turtle under the Guaranty, despite due demand for payment thereof.

34.     By reason of the foregoing, as a result of Clearview's failure to pay the Note Indebtedness and pursuant to the Guaranty, Turtle is entitled to a judgment against Richardson in the aggregate principal sum of $301,720.16, with interest accrued and accruing thereon at the rate of 18% per annum from August 20, 2022, together with such

other relief as the Court may deem just and proper.

### THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

35. Turtle incorporates by reference paragraphs 1 through 33 above, as if fully set forth herein at length.

36. Pursuant to the Note and the Guaranty, Clearview and Richardson are liable for all costs and expenses incurred by Turtle in enforcing its rights under the Guaranty and the Note, including but not limited attorneys' fees (collectively, "Collection Costs").

37. Turtle's claims herein have been referred to an attorney for collection.

38. By reason of the foregoing, Turtle is entitled to a judgment against Clearview and Richardson, jointly and severally, for Collection Costs, which Turtle has incurred and will continue to incur in this action and in pursing collection of the amounts owed to Turtle as alleged herein, in such amount as shall be determined by the Court herein.

**WHEREFORE,** Plaintiff Turtle & Hughes, Inc. ("Turtle") demands judgment as follows:

(a) Upon the First Claim For Relief against Clearview Cable LLC d/b/a Clearview Solar ("Clearview"), in the aggregate principal sum of $301,720.16, plus interest accrued and accruing thereon at the rate of 18% per annum from August 20, 2022, together with such other relief as the Court may deem just and proper.

(b) Upon the Second Claim For Relief against Shane Richardson ("Richardson"), in the aggregate principal sum of $301,720.16, plus interest accrued and

accruing thereon at the rate of 18% per annum from August 20, 2022, together with such other relief as the Court may deem just and proper.

  (c) Upon the Third Claim For Relief against Clearview and Richardson, jointly and severally, in an amount equal to all costs and expenses incurred by Turtle in enforcing its rights under the Guaranty and the Note, including but not limited to attorneys' fees, which Turtle has incurred and will continue to incur in this action and in pursing collection of the amounts owed to Turtle as alleged herein, in such amount as shall be determined by the Court; and

  (d) Upon all Claims For Relief, granting to Turtle such other and further relief as the Court deems just and proper, together with the costs and expenses of this action.

Dated: New York, New York
    January 6, 2023

             TODD & LEVI, LLP

             By: */s/ Jill Levi*
               Jill Levi
             Attorneys for Plaintiff
             444 Madison Avenue, Suite 1202
             New York, New York 10022
             Tel: (212) 308-7400
             jlevi@toddlevi.com